**A CERTIFIED TRUE COPY**

AUG 18 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 18 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1781*

FILED
AUG 22 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CINTAS CORP. OVERTIME PAY ARBITRATION LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*    06-CV-00427-LTB

This litigation consists of the 71 actions, each pending in a different federal district, that are listed on the attached Schedule A. The Northern District of California hosts the first filed of this docket's constituent actions (*Veliz*), which is a March 2003 action brought, inter alia, under state law and the Fair Labor Standards Act (FLSA) against Cintas Corp (Cintas). *Veliz*, a "collective" action in which over 2,000 plaintiffs have now joined, is brought by Cintas employees or former employees who allege that Cintas failed to pay them required overtime wages. The other 70 civil actions now before the Panel are motions to compel arbitration just recently brought by Cintas in March 2006 against a total of approximately 1,800 persons, each of whom is also a *Veliz* opt-in plaintiff and is named in only one of the 70 actions brought by Cintas. The *Veliz* plaintiffs (including the opt-in plaintiffs who are defendants in the actions brought by Cintas) move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the MDL-1781 actions in the Northern District of California for coordinated or consolidated pretrial proceedings. Cintas, the *Veliz* defendant and plaintiff in the other 70 actions, opposes transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each person named in the 70 actions brought by Cintas is an opt-in plaintiff in *Veliz*, the remaining MDL-1781 action, and each of the 70 actions represents an effort by Cintas to compel a *Veliz* opt-in plaintiff who has asserted FLSA claims in *Veliz* to arbitrate those claims, not in the Northern District of California where *Veliz* is pending, but rather in the judicial district where the motion to compel was filed and where the respective defendants are (or were last) employed by Cintas. Resolution of the actions in this docket will require each of the 70 district courts where Cintas has brought suit to construe identical contractual arbitration clauses to determine i) whether the parties named in each motion to compel are refusing to arbitrate within the meaning of § 4 of the Federal Arbitration Act, and/or ii) whether the parties are complying with that obligation by seeking to arbitrate

---

\*Judge Miller did not participate in the decision of this matter.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2006

GREGORY C. LANGHAM
CLERK

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____ Deputy Clerk
Date 8/23/06

- 2 -

collectively in an arbitration proceeding already occurring in the Northern District of California involving a subset of the *Veliz* plaintiffs. The degree to which the actions brought by Cintas are intertwined with *Veliz* is further illustrated by Cintas's own allegations contained in those actions (wherein Cintas cites *Veliz* rulings and stipulations for purposes of collateral estoppel or res judicata in connection with the relief being sought). Additionally, each of the 70 courts in the actions brought by Cintas may also be required to address identical factual and legal arguments asserted in defense of those actions. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing transfer, Cintas has argued that the 70 actions which it has brought to compel arbitration are not "civil actions" and thus not within the scope of the transfer authority conferred on the Panel under Section 1407. In order to effectuate the statutory objectives, transfer under Section 1407 should contemplate the broadest sweep of the term, "civil action." Thus, to the extent that the motions to compel brought by Cintas are not criminal actions, are pending in federal district courts, and are suits of a civil nature, they are civil actions subject to transfer under Section 1407.

We conclude that the Northern District of California is an appropriate transferee forum in this docket because i) the district is where the first filed and significantly more advanced action is pending before a judge already well versed in the issues presented by the litigation; and ii) all parties are in agreement that if the litigation is centralized, the California district should be selected as transferee forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Saundra Brown Armstrong for coordinated or consolidated pretrial proceedings with the action on Schedule A and pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges

Wm. Terrell Hodges
Chairman